IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAERON JOHNSON MERRETT,

                          Petitioner,

v.                                                 OPINION and ORDER

WARDEN E. EMMERICH,                         25-cv-224-jdp

                        Respondent.

---

Petitioner Daeron Johnson Merrett, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Merrett contends that Bureau of Prison officials have denied him some of the time credit under the First Step Act for which he is eligible.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because Merrett hasn't exhausted his administrative remedies.

Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The BOP's administrative remedy program allows prisoners to seek formal review of issues relating to any aspect of their confinement. 28 C.F.R. § 542.10(a). To start the process, the prisoner must file an informal complaint with BOP staff. 28 C.F.R. § 542.13(a). If the prisoner cannot informally resolve his complaint, he must file an administrative remedy request on a BP-9 form within 20 days after the incident at issue. 28 C.F.R. § 542.14(a). If the prisoner is

unsatisfied with the warden's response, he may submit an appeal on a BP-10 form to the Regional Director within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id.* The prisoner must complete this process to exhaust the BOP's administrative remedy program. *See Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008).

Merrett's evidence shows that he filed an informal complaint with BOP staff, and he alleges that he filed a formal complaint. Dkt. 1 at 3 Dkt. 1-1. But Merrett acknowledges that he didn't complete the remaining steps of the administrative remedy program. Dkt. 1 at 3. Merrett's belief that those steps will prove unsuccessful doesn't show that exhaustion would be futile. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try." (emphasis omitted)).

## ORDER

IT IS ORDERED that:

1. Petitioner Daeron Johnson Merrett's petition, Dkt. 1, is DISMISSED for failure to exhaust administrative remedies.

2. The clerk of court is directed to enter judgment and close the case.

Entered April 18, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge